## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No.    10 CV 4490 |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

By and through his attorneys of record, the plaintiff moves this Court to enter judgment in his favor and against the defendants, ROMAN COBBLES, INC. ("COBBLES"), an Illinois corporation, and ROMANO GALLO ("GALLO"), individually, and each of them.  In support, the plaintiff states as follows.

### Introduction and Background

The plaintiff worked for the defendants as a truck driver delivering materials, such as cement and bricks, to construction sites.  He would also haul construction waste away from jobsites and occasionally work with a demolition crew – breaking up pavement, for example.  The plaintiff worked for the COBBLES and GALLO from about April, 2002, until about November 25, 2008.  Prior to that, the plaintiff had worked for GALLO at another one of GALLO's companies (which company is not a defendant in this lawsuit), Gallo Tile and Marble, since 1992.  At the height of the defendants' business, the plaintiff estimates that they employed about 25 to 30

people.  When the plaintiff stopped working for the defendants, they employed about 7 people.

During his employment by the defendants, the plaintiff typically worked between 50 and 55 hours per week.  Until about October, 2008, the defendants paid the plaintiff for each hour that he worked, but paid him at his respective (corresponding to different employment periods) "straight" hourly rates for all of the hours that he worked – failing to pay him an overtime premium for the 10 to 15 hours of overtime he worked each week.  During the last two months of his employment, from about October, 2008, through about November 25, 2008, the plaintiff worked fewer hours (about 40 to 45 per week), but the defendants paid him nothing at all for his work during those two months.

Beginning in 2005, Maldonado did not work year round but, instead, worked from about November 30 to about March 30 each year.

## Motion

1.      The plaintiff brought the captioned case under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, ("IWPCA") among other law.

2.      As an aid to the Court, the plaintiff incorporates herein by reference the accompanying Memorandum of Law [Doc. 30].

3.      The plaintiff seeks to recover damages in the amount of $76,192.65, and attorneys' fees in the amount of $17,876.75, plus costs of suit and collection.

The following charts break the amounts claimed for damages down by type and time period.

### Damages by Type

| Type of Damages | Amount |
|---|---|
| Regular Wages ("Gap" Pay) | $7,035.00 |
| Unpaid Overtime Wages | $33,481.70 |
| Liquidated Damages (Overtime) | $33,481.70 |
| Liquidated Damages (Minimum Wages)[1] | 2,194.25 |
| TOTAL | $76,192.65 |

### Damages by Employment Period

| Employment Period | Amount |
|---|---|
| A | 19,956.30 |
| B | $12,168.00 |
| C | $12,220.00 |
| D | $8,217.30 |
| E | $8,217.30 |
| F | $5,869.50 |
| G | $9,544.25 |
| TOTAL | $76,192.65 |

4.    The plaintiff's sworn declaration is attached as **Exhibit 1** and incorporated by reference.

### Employment Period A

5.    During the period from about April 1, 2002, to about December 31, 2003, ("Period A") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

---

[1] In order to avoid double recovery, unpaid minimum wages themselves are subsumed in the amount claimed as and for regular wages/gap pay.

3

6.      During Period A, the defendants paid the plaintiff at the rate of $17.00 per hour.

7.      During Period A, the defendants should have paid the plaintiff at the rate of $25.50 (17.00 x 1.5 = $25.50) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $17.00 rate for those hours.

8.      This means that the defendants shorted the plaintiff an average of $110.50 per week during Period A ($25.50 - $17.00 = $8.50 overtime differential; $8.50 overtime differential X 13 overtime hours = $110.50).

9.      It follows that the defendants shorted the plaintiff about **$9,978.15** in overtime compensation during Period A ($110.50 per week X 4.3 weeks per month X 21 months = $9,978.15).

10.     Under the FLSA, the defendants also owe the plaintiff an additional **$9,978.15** in liquidated damages appurtenant to unpaid overtime for Period A.

11.     In accordance with the above, the defendants owe the plaintiff **$19,956.30** for Period A (comprised of $9,978.15 in unpaid overtime wages for and an equal amount in liquidated damages).

**Employment Period B**

12.     During the period from about January 1, 2004, to about December 31, 2004, ("Period B") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

13.     During Period B, the defendants paid the plaintiff at the rate of $18.00 per hour.

14.     During Period B, the defendants should have paid the plaintiff at the rate of $27.00 (18.00 x 1.5 = $27.00) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $18.00 rate for those hours.

15.     This means that the defendants shorted the plaintiff an average of $117.00 per week during Period B ($27.00 - $18.00 = $9.00 overtime differential; $9.00 overtime differential X 13 overtime hours = $117.00).

16.     It follows that the defendants shorted the plaintiff about **$6,084.00** in overtime compensation during Period B ($117.00 per week X 52 weeks = $6,084.00).

17.     Under the FLSA, the defendants also owe the plaintiff an additional **$6,084.00** in liquidated damages appurtenant to unpaid overtime for Period B.

18.     In accordance with the above, the defendants owe the plaintiff **$12,168.00** for Period B (comprised of $6,084.00 in unpaid overtime wages for and an equal amount in liquidated damages).

### Employment Period C

19.     During the period from about January 1, 2005, to about November 30, 2005, ("Period C") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

20.     During Period C, the defendants paid the plaintiff at the rate of $20.00 per hour.

21.     During Period C, the defendants should have paid the plaintiff at the rate of $30.00 (20.00 x 1.5 = $30.00) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $20.00 rate for those hours.

5

22.     This means that the defendants shorted the plaintiff an average of $130.00 per week during Period C ($30.00 - $20.00 = $10.00 overtime differential; $10.00 overtime differential X 13 overtime hours = $130.00).

23.     It follows that the defendants shorted the plaintiff about **$6,110.00** in overtime compensation during Period C ($130.00 per week X 47 weeks = $6,110.00).

24.     Under the FLSA, the defendants also owe the plaintiff an additional **$6,110.00** in liquidated damages appurtenant to unpaid overtime for Period C.

25.     In accordance with the above, the defendants owe the plaintiff **$12,220.00** for Period C (comprised of $6,110.00 in unpaid overtime wages for and an equal amount in liquidated damages).

**Employment Period D**

26.     During the period from about April 1, 2006, to about November 30, 2006, ("Period D") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

27.     During Period D, the defendants paid the plaintiff at the rate of $21.00 per hour.

28.     During Period D, the defendants should have paid the plaintiff at the rate of $31.50 (21.00 x 1.5 = $31.50) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $21.00 rate for those hours.

29.     This means that the defendants shorted the plaintiff an average of $136.50 per week during Period D ($31.50 - $21.00 = $10.50 overtime differential; $10.50 overtime differential X 13 overtime hours = $136.50).

30.     It follows that the defendants shorted the plaintiff about **$4,108.65** in overtime compensation during Period D ($136.50 per week X 4.3 weeks per month X 7 months = $4,108.65).

31.     Under the FLSA, the defendants also owe the plaintiff an additional **$4,108.65** in liquidated damages appurtenant to unpaid overtime for Period D.

32.     In accordance with the above, the defendants owe the plaintiff **$8,217.30** for Period D (comprised of $4,108.65 in unpaid overtime wages for and an equal amount in liquidated damages).

**Employment Period E**

33.     During the period from about April 1, 2007, to about November 30 2007 September 30, 2008, ("Period E") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

34.     During Period E, the defendants paid the plaintiff at the rate of $21.00 per hour.

35.     During Period E, the defendants should have paid the plaintiff at the rate of $31.50 (21.00 x 1.5 = $31.50) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $21.00 rate for those hours.

36.     This means that the defendants shorted the plaintiff an average of $136.50 per week during Period E ($31.50 - $21.00 = $10.50 overtime differential; $10.50 overtime differential X 13 overtime hours = $136.50).

37.     It follows that the defendants shorted the plaintiff about **$4,108.65** in overtime compensation during Period E ($136.50 per week X 4.3 weeks per month X 7 months = $4,108.65).

38.     Under the FLSA, the defendants also owe the plaintiff an additional **$4,108.65** in liquidated damages appurtenant to unpaid overtime for Period D.

39.     In accordance with the above, the defendants owe the plaintiff **$8,217.30** for Period E (comprised of $4,108.65 in unpaid overtime wages for and an equal amount in liquidated damages).

### Employment Period F

40.     During the period from about April 1, 2008, to about September 30, 2008, ("Period F") the plaintiff worked an average of 53 hours per week for the defendants, which means that he worked an average of 13 overtime (more than 40 in each given week) hours per week.

41.     During Period F, the defendants paid the plaintiff at the rate of $21.00 per hour.

42.     During Period F, the defendants should have paid the plaintiff at the rate of $31.50 (21.00 x 1.5 = $31.50) for the 13 overtime hours he worked each week, but the defendants paid him only at his straight $21.00 rate for those hours.

43.     This means that the defendants shorted the plaintiff an average of $136.50 per week during Period F ($31.50 - $21.00 = $10.50 overtime differential; $10.50 overtime differential X 13 overtime hours = $136.50).

44.     It follows that the defendants shorted the plaintiff about **$2,934.75** in overtime compensation during Period F ($136.50 per week X 4.3 weeks per month X 5 months = $2,934.75).

45.     Under the FLSA, the defendants also owe the plaintiff an additional **$2,934.75** in liquidated damages appurtenant to unpaid overtime for Period F.

46.     In accordance with the above, the defendants owe the plaintiff **$5,869.50** for Period D (comprised of $2,934.75 in unpaid overtime wages for and an equal amount in liquidated damages).

### Employment Period G

47.     During the period from about October 1, 2008, to about November 25, 2008, ("Period G") the plaintiff worked approximately 320 regular (40 or less in a given week) hours and approximately 15 overtime (more than 40 in a given week) hours.

48.     During Period G, the plaintiff's regular hourly rate was $21.00 per hour.

49.     However, the defendants paid the plaintiff nothing at all for the 320 regular and 15 overtime hours he worked during Period G.

50.     First, under the IWPCA, the defendants owe the plaintiff **$7,035.00** (335 hours total X $21.00 = $7,035.00).

51.     The IWPCA does not provide for liquidated damages like the FLSA does.

52.     Liquidated damages are assessed on unpaid overtime premiums, and for unpaid minimum wages, but not for the underlying, regular wages. This is

because unpaid regular wages constitute "gap time," for which the FLSA provides no remedy. Payment for "'gap time' refers to compensation for hours worked (1) before the employee reaches the forty-hour per week overtime threshold, so it cannot violate overtime compensation laws, and (2) at a rate that averages out to more than the applicable minimum wage, so it cannot violate minimum wage laws." *Nicholson*, 2010 U.S. Dist. LEXIS 138468, 15 (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 U.S. Dist. LEXIS 16288 (N.D. Ill. Aug. 17, 2004)).

53. However, the defendants also shorted the plaintiff about **$157.50** in overtime compensation for Period G ($31.50 - $21.00 = $10.50 overtime differential; $10.50 overtime differential X 15 overtime hours = $157.50).

54. Under the FLSA, the defendants also owe the plaintiff an additional **$157.50** in liquidated damages appurtenant to unpaid overtime for Period G.

55. Because the plaintiff was paid nothing at all for the approximately 335 hours he worked during Period G, he was, *a fortiori* not paid at least minimum wage for all of those hours.

56. Therefore, in addition to the regular wages (into which the minimum wages are subsumed), the defendants owe the plaintiff **$2,194.25** in liquidated damages appurtenant to the unpaid minimum wages ($6.55 federal minimum wage During Period G X 335 hours = $2,194.25) for Period G.

57. In accordance with the above, the defendants owe the plaintiff **$9,544.25** for Period G (comprised of $7,035.00 in unpaid regular wages or "gap" pay, $157.50 in unpaid overtime wages, $157.50 in liquidated damages appurtenant

to the unpaid overtime wages, and $2,194.25 in liquidated damages appurtenant to the unpaid minimum wages).

## Service on the Defendants

58.     On or about October 12, 2010, copies of the complaint, notices of lawsuit, and requests for waiver of service were transmitted to GALLO and COBBLES via an attorney, Sam Tornatore, who was advising them informally.

59.     On or about October, 13, 2010, GALLO and COBBLES executed the waivers and transmitted them back to the undersigned via attorney Sam Tornatore.

60.     Copies of the executed waivers are attached as **Exhibit 2**.

61.     By the terms of the waivers, the defendants' respective responses to the plaintiff's complaint were due to be filed by December 13, 2010.

62.     To date, the defendants have not filed a response to the plaintiff's complaint – none of the defendants have even filed an appearance, even though GALLO has appeared personally in Court for a status hearing.

63.     On October 11, 2011, this Court filed an order holding the defendants in default [Doc. 28].  A copy of the order is attached as **Exhibit 3**.

## Attorneys' Fees

64.     Attached as group **Exhibit 4** are the sworn declarations of the plaintiffs' attorneys with regard to attorneys' fees.

65.     The total amount claimed as and for damages is $76,192.65, and the total amount requested for attorney's fees is $17,876.75.[2]

---

[2] The plaintiff and his attorneys have entered a hybrid contingency agreement whereby the plaintiff's attorneys will reduce their contingency fee (calculated at 33 1/3% of any amount recovered as and for damages) by the amount recovered as and for attorneys' fees, if any.

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendants, ROMAN COBBLES, INC., and ROMANO GALLO, and each of them, in the amount of $94,069.40, plus costs of suit and collection.

Respectfully submitted,

/s/Paul Luka_____
One of the Plaintiffs' Attorneys

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit
# 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| | No.   10 CV 4490 |
| Plaintiff, | |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

## DECLARATION OF JESUS MALDONADO

JESUS MALDONADO, under penalty of perjury and pursuant to 28 U.S.C. § 1746,

hereby states and deposes as follows:

1.    My name is Jesus Maldonado.

2.    I am older than 17 years of age.

3.    I am the plaintiff in the captioned case.

4.    I am a native speaker of Spanish.

5.    I can speak conversational English.

6.    With the aid of a translator provided to me by my attorneys, I have reviewed

the attached Motion for Entry of Default Judgment (the "Motion") in depth.

7.    The factual assertions contained in the Motion, as they pertain to me and my

employment by the defendants in the captioned case, are true and correct to the best of my

knowledge.

8.     As it pertains to me and my employment by the defendants in the captioned case, I provided the information contained in the Motion to my attorneys.

9.     The information I provided to my attorneys is based upon my present recollection of events; and, with regard to some of the factual assertions contained in the Motion, my present recollection was refreshed by certain payroll check stubs and time cards, which I currently have in my possession.

10.     The information I provided to my attorneys regarding the respective numbers of hours I worked during certain periods, regarding my respective hourly rates of pay and the time period/s during which such rates were applied, was provided upon information and belief.

11.     Said information was provided upon information and belief because, other than several check stubs and time cards, as identified above, I do not have access to any documents that contemporaneously memorialize this information; however, I believe that, to a reasonable degree of certainty, said information is true and correct.

12.     At no time during the years that I was employed by the defendants did I observe a poster at any of the defendants' premises, or any other kind of posted literature, that contained information about the laws governing the payment of minimum wage and overtime compensation.

13.     Until I first contacted my attorneys regarding the defendants' failure to pay me certain regular wages altogether (Employment Period G as described in the Motion), I was unaware that the law mandates payment of overtime compensation at the time-and-one-half rate. Instead, I had believed that the question of whether or not to pay time-and-

2

one-half overtime compensation was an employers' prerogative.

### THE DECLARANT SAYS NOTHING FURTHER.

Under penalty of perjury, and pursuant to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that (s)he verily believes the same to be true. Executed on November 8, 2011.

_____
JESUS MALDONADO

# Exhibit
# 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**ALEJANDRO JESUS
MALDONADO**, on behalf of himself
and all other employees similarly
situated, known and unknown,

No.   10 CV 4490

Plaintiff,

v.

Judge Dow

**ROMAN COBBLES, INC.**, an Illinois
corporation, and **ROMANO GALLO**,
individually,

Magistrate Judge Schenkier

Defendants.

### WAIVER OF SERVICE OF SUMMONS

TO:   Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603

I acknowledge receipt of your request that I waive service of a summons in the action of *Maldonado v. Roman Cobbles, Inc., et al.*, which is case number 10 CV 4490 in the United States District Court for the Northern District of Illinois. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a

judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after October 13, 2010, or within 90 days after that date if the request was sent outside the United States.

10-13-2010

---
Date        Signature

Romano Gallo
---
Printed/typed name

As: Individually
---

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**ALEJANDRO JESUS
MALDONADO**, on behalf of himself
and all other employees similarly
situated, known and unknown,

No.    10 CV 4490

Plaintiff,

v.

Judge Dow

**ROMAN COBBLES, INC.**, an Illinois
corporation, and **ROMANO GALLO**,
individually,

Magistrate Judge Schenkier

Defendants.

## WAIVER OF SERVICE OF SUMMONS

TO:    Paul Luka, Esq.
       AMATORE & ASSOCIATES, P.C.
       120 S. State Street, Suite 400
       Chicago, IL 60603

I acknowledge receipt of your request that I waive service of a summons in

the action of *Maldonado v. Roman Cobbles, Inc., et al.*, which is case number 10 CV

4490 in the United States District Court for the Northern District of Illinois. I have

also received a copy of the complaint in the action, two copies of this instrument,

and a means by which I can return the signed waiver to you without cost to me. I

agree to save the cost of service of a summons and an additional copy of the

complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am

acting) be served with judicial process in the manner provided by Rule 4. I (or the

entity on whose behalf I am acting) will retain all defenses or objections to the

lawsuit or to the jurisdiction or venue of the court except for objections based on a

defect in the summons or in the service of the summons. I understand that a

judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after October 13, 2010, or within 90 days after that date if the request was sent outside the United States.

10-13-2010     — PRESIDENT
Date     Signature

Romano Gallo
Printed/typed name

As: Duly authorized agent of Roman Cobbles, Inc.

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

# Exhibit
# 3



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4490 | **DATE** | 10/11/2011 |
| **CASE TITLE** | Maldonado v. Roman Cobbles, Inc. et al | | |

**DOCKET ENTRY TEXT**

Status hearing held. Counsel for plaintiffs only appeared and made an oral motion for default against both defendants Roman Cobbles Inc and Romano Gallo for failure to answer or otherwise plead. The oral motion is granted. Prove up is set for 11/15/2011 at 9:15 a.m.

Docketing to mail notices.

00:03;nfpc

| | Courtroom Deputy Initials: | AC |
|---|---|---|

U.S. DISTRICT COURT
CLERK
2011 OCT 12 PM 4: 21
FILED-ECF

10C4490

# Exhibit
# 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No.    10 CV 4490 |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

## DECLARATION OF PAUL LUKA

Paul Luka, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby states and deposes as follows:

1.    My name is Paul Luka, and I am an attorney at Amatore & Associates, P.C.

2.    My firm represents the plaintiff in the captioned case.

3.    I expended 35.32 hours working on the captioned case and, as of this writing I expect to expend at least 3 additional hours in order to litigate the captioned case to judgment, at a rate of $300.00 per hour, for a total of $11,496.00 (38.32 x $300.00).

4.    I was recently awarded attorneys' fees at the rate of $300.00 per hour in the case entitled *Hernandez, et al. v. Chicago Lake Shore Medical Associates, Ltd., et al.*; case number 09 CV 7285 in the Northern District of Illinois, which case was brought

under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") – as was the captioned case.

5.      I have been awarded fees at the same or higher rates in other cases.

6.      I have billed clients at the same or higher rates in numerous other cases.

7.      The majority of my practice in the Northern District of Illinois is devoted to labor and employment matters and, in particular, cases like the captioned case which arise under the FLSA.

8.      I believe that my fees are reasonable in light of my experience and the issues in the captioned case.

THE DECLARANT SAYS NOTHING FURTHER.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on November 8, 2011

/s/ Paul Luka
PAUL LUKA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No.   10 CV 4490 |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

<u>**DECLARATION OF CHRISTINE FEIL**</u>

Christine Feil, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby states and deposes as follows:

1.      My name is Christine Feil and, during the pendency of the captioned case, I had been employed by Amatore & Associates, P.C., as an associate attorney.

2.      Amatore & Associates, P.C., represents the plaintiffs in the captioned case.

3.      I expended 15.7 hours working on the captioned case, at a rate of $275.00 per hour, for a total of $4,317.50.

4.      I was recently awarded attorneys' fees at the rate of $275.00 per hour in the case entitled *Hernandez, et al. v. Chicago Lake Shore Medical Associates, Ltd., et al.*; case number 09 CV 7285 in the Northern District of Illinois, which case was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") – as was the captioned case.

5.      I have been awarded fees at the same or higher rates in other cases.

6.      I have billed clients at the same or higher rates in numerous other cases.

7.      During the pendency of the captioned case, the majority of my practice in the Northern District of Illinois was devoted to labor and employment matters and, in particular, cases like the captioned case which arise under the FLSA.

8.      I believe that my fees are reasonable in light of my experience and the issues in the captioned case.

THE DECLARANT SAYS NOTHING FURTHER.

> I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on November 8, 2011

 /s/Christine Feil (by permission)
CHRISTINE FEIL

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No.    10 CV 4490 |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

## DECLARATION OF KALISA GARY

Kalisa Gary, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby states and deposes as follows:

1.     My name is Kalisa Gary and, during the pendency of the captioned case, I had been employed by Amatore & Associates, P.C., as an associate attorney.

2.     Amatore & Associates, P.C., represents the plaintiffs in the captioned case.

3.     I expended 3.75 hours working on the captioned case, at a rate of $275.00 per hour, for a total of $1,031.25.

4.     I have been awarded fees at the same or higher rates in other cases.

5.     I have billed clients at the same or higher rates in other cases.

6.     During the pendency of the captioned case, the majority of my practice in the Northern District of Illinois was devoted to labor and employment matters

and, in particular, cases like the captioned case which arise under the Fair Labor

Standards Act, 29 U.S.C § 201, *et seq*.

      7.      I believe that my fees are reasonable in light of my experience and the

issues in the captioned case.

      THE DECLARANT SAYS NOTHING FURTHER.

> I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on November 8, 2011

> /s/Kalisa Gary (by permission)
> KALISA GARY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALEJANDRO JESUS MALDONADO**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No.    10 CV 4490 |
| v. | Judge Dow |
| **ROMAN COBBLES, INC.**, an Illinois corporation, and **ROMANO GALLO**, individually, | Magistrate Judge Schenkier |
| Defendants. | |

<u>**DECLARATION OF ARACELI HERRERA**</u>

Araceli Herrera, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby states and deposes as follows:

1.      My name is Araceli Herrera and I am a legal assistant to attorney Paul Luka at Amatore & Associates, P.C.

2.      Amatore & Associates, P.C., represents the plaintiffs in the captioned case.

3.      I expended 8.6 hours working on the captioned case and, as of this writing, I expect to expend at least 1 additional hour working on this case until it is litigated to judgment, at a rate of $120.00 per hour, for a total of $1,032.00 (8.6 hours X $120.00 per hour = $1.032.00).

4.      Amatore & Associates, P.C., has billed my services to clients at the

same or higher rates in other matters.

THE DECLARANT SAYS NOTHING FURTHER.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on November 8, 2011

/s/ Araceli Herrera (by permission)
ARACELI HERRERA

2