# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4490 | **DATE** | 2/13/2012 |
| **CASE TITLE** | Maldonado vs. Roman Cobbles, Inc., et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on Plaintiff's motion for entry of default judgment [29] and motion to enforce settlement agreement and for sanctions [22]. For the reasons set forth below, the Court grants Plaintiff's motion for entry of default judgment [29] and therefore strikes as moot Plaintiff's motion to enforce settlement agreement and for sanctions [22]. The Court enters judgment against Defendants and in favor of Plaintiff Maldonado in the amount of $76,192.65 and awards Plaintiff attorneys' fees and costs in the amount of $17,876.75.

■[ For further details see text below.]    Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

**I. Background**

Plaintiff Alejandro Jesus Maldonado brought this action against Defendants Roman Cobbles, Inc. and Romano Gallo under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, in addition to supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. From April 2002 until approximately November 25, 3008, Plaintiff worked for Defendants as a truck driver delivering materials to construction sites. He also hauled construction waste away from jobsites and occasionally worked with a demolition crew. Prior to his employment, Plaintiff worked for Defendant Gallo at another one of Gallo's companies, Gallo Tile and Marble (which company is not a defendant in this lawsuit), since 1992.

During his employment with Defendants, Plaintiff typically worked between 50 and 55 hours per week. Until approximately October 2008, Defendants paid Paintiff for each hour that he worked, but paid him at a "straight" hourly rate for all of the hours that he worked and failed to pay him an overtime premium for the 10 to 15 hours of overtime he worked each week. During the last two months of his employment, from about October 2008 through about November 25, 2008, Plaintiff worked fewer hours (about 40 to 45 per week), but Defendants failed to pay him for his work during those two months. Beginning in 2005, Maldonado did not work year round but instead worked from about November 30 to about March 30 each year.

On July 20, 2010, Plaintiff filed his complaint in this matter. Defendants have never answered or obtained counsel of record. For many months, Plaintiff worked with Defendants to settle this case. At one point, Plaintiff and Defendants appeared to have a settlement, but then Plaintiff's counsel was advised by attorneys who had been working informally with Defendants that the attorneys were no longer involved in assisting Roman Cobbles or Romano Gallo with this case. (Those attorneys never filed an appearance in this case.) Since that time,

**STATEMENT**

Defendants have largely ignored Plaintiff's efforts to resolve this matter. Defendants also have ignored court orders to obtain counsel for corporate Defendant Roman Cobbles, Inc., to answer Plaintiff's complaint, and to respond to various motions.

On October 11, 2011, the Court granted Plaintiff's motion for default and set the prove up for November 15, 2011. On November 8, 2011, Plaintiff filed a motion for entry of default judgment [29] and noticed the motion for hearing on November 15. The Court entered and continued the notice of motion hearing of November 15 to November 22. On November 22, Defendant Romano Gallo appeared and the Court expressed to Defendant Gallo that his options were to try to work out a settlement with Plaintiff or to file a motion to vacate the default. The Court also noted that in the sixteen months that the case had been pending, no one had filed an appearance for either Defendant and neither Defendant filed an answer. The Court then gave Defendant until December 7, 2011, to respond to Plaintiff's motion for default judgment. The Court expressly told Defendant that if he failed to file a response, and if the corporate Defendant failed to obtain counsel, "the likelihood is the default judgment will be granted." Despite the Court's warning, Defendants have neither filed a motion to vacate the order of default nor responded to Plaintiff's motion for entry of default judgment. Plaintiff seeks to recover damages in the amount of $76,192.65 and attorneys' fees in the amount of $17,876.75.

**II. Analysis**

The Seventh Circuit has stated that a default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); see also *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (holding that "the district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence"); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's [refusal to grant relief from the default]"). The Seventh Circuit further has confirmed that "[a] district court is not required to fire a warning shot" before entering a default judgment as a sanction in an appropriate case. *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). At the same time, "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment" and the "harsh sanction" of a default judgment "should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." *C.K.S. Eng'rs*, 726 F.2d at 1205.

As noted above, over the course of 16 months, Defendants have failed to make genuine efforts to litigate this matter. The Court now concludes that Plaintiff has waited long enough for Defendants to take seriously their obligations "to litigate the case properly," as shown by Defendants "continuing disregard for the litigation and for the procedures of the court" and "willful choice not to exercise even a minimal level of diligence" (*Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003)), leaving the Court no reasonable alternative to deploying the "heavy artillery" of a default judgment "to bring recalcitrant litigants to heel." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). Plaintiff has filed detailed materials setting forth the amount of damages and attorneys' fees incurred as of the time that Plaintiff filed his motion for entry of default judgment [29 & 30]. On the basis of all of the materials, records, and affidavits in the record, the Court grants Plaintiff's motion for entry of default judgment [29], enters judgment against Defendants and in favor of Plaintiff Maldonado in the amount of $76,192.65, and awards Plaintiff attorneys' fees and costs in the amount of $17,876.75.

**STATEMENT**

**III.     Conclusion**

For the reasons stated above, the Court grants Plaintiff's motion for entry of default judgment [29], enters judgment against Defendants and in favor of Plaintiff Maldonado in the amount of $76,192.65, and awards Plaintiff attorneys' fees and costs in the amount of $17,876.75. In view of this disposition, Plaintiff's motion to enforce settlement agreement and for sanctions [22] is stricken as moot.

*[signature]*